AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>a LG Stylo 6, IMEI: 354660116897607, with<br>serial number:012VTAX0664760 | )<br>)<br>)  Case No.  M-21- 688       -STE<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____Western_____ District of _____Oklahoma_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 846 | Drug Conspiracy |
| 21 U.S.C. § 841(a)(1) | Possession with intent to Distribute Methamphetamine |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

ROBIN L. MELODICK Special Agent (DEA)
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  **Dec 8, 2021**

_____
*Judge's signature*

City and state:  Oklahoma City, Oklahoma

SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

## THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA    )
                          )
COUNTY OF OKLAHOMA   )

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Robin L. Melodick, a Special Agent (SA) of the Drug Enforcement Administration (DEA), being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.    I am a federal law enforcement officer of the United States within the meaning of Federal Rule of Criminal Procedure 41.

2.    I have been a special agent with DEA since December 2004. As such, I am empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in 18 USC § 2516. I have worked numerous drug conspiracy investigations, including Title III wiretap cases, and complex, multi-jurisdictional investigations. Through my training and experience, I have become familiar with the methods and operation of drug distributors, including their common organizational structures, use of violence, methods of distributing, storing, and transporting drugs, and methods of collecting and laundering drug proceeds. During my employment in law enforcement, I have received training and conducted investigations related to drugs, drug distribution, and conspiracy

involving the same, in violation of 21 U.S.C. §§ 841(a)(1), 846.   I have participated in many aspects of drug investigations, including but not limited to: surveillance, search warrants, arrests, reviewing taped conversations and exploiting drug ledger records, and debriefing defendants, informants, and witnesses who have personal knowledge about major drug trafficking organizations.

3.     The information contained in this Affidavit is submitted for the limited purpose of establishing probable cause to secure a search warrant for LG Stylo 6, IMEI 354660116897607, with serial number 012VTAX0664760 (**TARGET DEVICE**), as described further in **Attachment A** (physical description), for evidence of violations of federal law, to wit: 21 U.S.C. § 846, Drug Conspiracy; and 21 U.S.C. § 841, Possession with Intent to Distribute Controlled Substances, as described further in **Attachment B** (description of items to be seized). The **TARGET DEVICE** is currently in the custody of the DEA at 901 NE 122nd Street, Suite 210, Oklahoma City, Oklahoma 73114 (located within the Western District of Oklahoma).

4.     This Affidavit is based upon my personal investigation and upon information received from other law enforcement officers and agents and may not include all evidence or information available or of all facts known to me

relative to this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause for the requested warrant.

## BACKGROUND REGARDING CELLULAR DEVICES

5.  Based upon my training and experience, I am aware:

A. Individuals involved in trafficking illegal narcotics and bulk cash smuggling often use cellular phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics and/or drug proceeds. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking and bulk cash smuggling offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, messaging applications, and videos.

B. Drug dealers and bulk cash smugglers often switch phones in order to avoid detection from law enforcement, and that drug dealers and bulk cash smugglers often have multiple phones that they use for different co-conspirators in order to separate their drug dealing and/or bulk cash smuggling.

C. Drug dealers keep old cellular telephones no longer in use in order to save telephone numbers of other co-conspirators, as well as other relevant information including text messages and photographs.

D. Individuals involved with sending/receiving controlled substances through the U.S. Mail will often utilize their cellular phones to access the internet to search for parcel tracking numbers and or to receive parcel tracking status updates identifying the arrival of suspect parcels.

E. Drug dealers and users oftentimes have stored photographs, videos and/or text and voice messages associated with the use and distribution of controlled dangerous substances and proceeds derived therefrom for their own records and/or for the purpose of furthering their distribution activity maintained on their cellular telephones and other electronic handheld devices.

3

F. Drug distributors/consumers and bulk cash smugglers will often use coded words and phrases and vague references in order to discuss their plans and prevent anyone from overhearing their conversations and from recognizing that the conversations concern a criminal conspiracy.

G. Prospective drug purchasers, recipients, and/or users will often telephone the drug distributor to obtain permission to come to the distributor's location *i.e.,* his business, residence, *etc.,* to obtain the drug; similarly, bulk cash smugglers will often telephone their co-conspirators to coordinate the delivery of the bulk cash proceeds to be smuggled.

H. Drug distributors will often have "salespeople" bring prospective drug purchasers to him or her and these salespeople will receive payment in cash, or in kind (a quantity of drugs), for bringing drug users/buyers to the distributor. These "salespeople" often use the telephone to contact the distributor by voice or text message to arrange these meetings.

## PROBABLE CAUSE

6.     On November 9, 2021, along eastbound Interstate 40, in Canadian County, Oklahoma Highway Patrol (OHP) Trooper Jake Sawatzky, conducted a traffic stop, at approximately mile marker 138, on a 2021 white Toyota RAV-4 bearing Oklahoma license plate LGY407 (rental car).  The traffic stop was initiated because the vehicle was traveling at a speed of 73 MPH in a posted 70 MPH zone.   Upon the initial approach of the vehicle, Trooper Sawatzky could smell a strong odor of burnt marijuana.  Additionally, Trooper Sawatzky observed a green camouflage bag near the center console that contained an openly visible bundle of money rolled up in a hair tie. Trooper Sawatzky also noticed that there were multiple identical duffle bags in the

4

vehicle.

7.     The driver, Chad CUMMINGS, told Trooper Sawatzky that he did not have a valid driver's license and instead provided a Florida identification card. At that time, Trooper Sawatzky requested that CUMMINGS proceed to Trooper Sawatzky's patrol vehicle for a courtesy warning.   Before proceeding back to the patrol vehicle, Lavena Lovette **WATTERS** provided Trooper Sawatsky with an Oklahoma driver's license that she obtained from a bag in the back seat of the vehicle. While doing so, **WATTERS** removed her license from a black card holder, which she then placed into a bag near her legs in the front passenger seat. **WATTERS** then moved the money, previously observed by Trooper Sawatzky, into the same bag at her feet. **WATTERS** explained to Trooper Sawatzky that the vehicle had been rented by her mother, Martha Jones, and **WATTERS** provided the rental agreement.

8.     The rental agreement showed that the vehicle was a three-day rental, originating in Tulsa, Oklahoma, with an expected return date of November 8, 2021.  This meant that the rental vehicle was already one day overdue from the expected return date. Trooper Sawatzky then continued processing the traffic warning and running standard law enforcement database checks using the identification provided by the occupants.  During this same

timeframe, Trooper Sawatzky requested the assistance of nearby Trooper Brady Webb who arrived while Trooper Sawatzky was completing the law enforcement checks and processing the warning. While Trooper Sawatzky and CUMMINGS were inside the patrol car, Trooper Webb used his K9 partner "Outlaw" to conduct a free air sniff of the Toyota RAV-4.

9.     During the free air sniff, Outlaw alerted to the presence of controlled substances within the vehicle and a probable cause search of the vehicle was ultimately conducted. While searching the Toyota RAV-4, law enforcement discovered five large duffle bags in the rear cargo area that contained FoodSaver and cellophane wrapped bundles of suspected methamphetamine. Ultimately, these bundles were field tested and resulted in a field test positive for the presence of methamphetamine. In all, there were 112 bundles of methamphetamine with an approximate weight of 125.4 pounds located in the duffle bags.

10.     While searching the Toyota RAV-4, law enforcement also discovered one black Smith and Wesson .40mm caliber pistol in the center console. The gun was not stolen, but did contain 5 rounds of ball ammunition and 1 round of hollow point ammunition. CUMMINGS is a convicted felon. Additionally, law enforcement discovered multiple receipts from the previous two days that were from Chula Vista, California and San Diego, California.

Also, law enforcement searched the bag that was previously near **WATTERS'** feet and discovered a cardboard insert that had been apparently removed from one of the duffle bags containing methamphetamine. In addition to **WATTERS** retrieving her identification from one of the black bags, the fact that this insert was located **WATTERS'** personal bag at her feet, along with her other belongings, further links **WATTERS** to the black duffle bags containing the methamphetamine. The **TARGET DEVICE** was discovered during the search of the vehicle.

11.   Both subjects CUMMINGS and **WATTERS** were placed under arrest and read their *Miranda* Rights. Both requested lawyers and no interviews were conducted. Following their rights advisements, both CUMMINGS and **WATTERS** were transported to the Canadian County jail for booking. Following their arrest, the parties asked law enforcement for permission to retrieve information from their phones. In doing so, they identified which phone belonged to whom. The **TARGET DEVICE** was owned and used by **WATTERS**.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

12.   Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some

7

period of time on the device.  This information can sometimes be recovered

with forensics tools.

a.   *Forensic evidence.* This application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the device was used, the purpose of its use, who used it, and when.

b.   *Nature of examination.*  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

c.   *Manner of execution.*  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## MANNER OF SEARCH

13.   I would note that based upon his aforementioned training and

experience, relevant and/or incriminating text messages, videos, and

photographs oftentimes are comingled on cellular telephones and electronic

handheld devices with text messages, videos, and photographs which do not

have an evidentiary value.  However, criminals engaged in communications

furthering the nature of their criminal enterprise, in particular with

investigations involving the use/distribution of controlled dangerous

substances, many of these communications will involve cryptic/guarded and

or otherwise coded jargon which is oftentimes utilized to conceal the nature of their illegal communication.  As a result, a limited review of the content of each communication will be necessary to determine the nature of the communication and whether it is relevant to that information particularly set forth above within this Affidavit.

14.   Searching the electronic handheld device for the evidence described above may require a range of data analysis techniques.  In some cases, it is possible for agents to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence.  For example, agents may be able to execute a "keyword" search that searches through the files stored in a computer for special words that are likely to appear only in the materials covered by a warrant.  Similarly, officers may be able to locate the materials covered in the warrant by looking for particular directory or file names.  In other cases, however, such techniques may not yield the evidence described in the warrant.  Criminals can mislabel or hide files to evade detection; or take other steps designed to frustrate law enforcement searches for information.  These steps may require officers to conduct more extensive searches, such as scanning areas of the device's memory not allocated to listed files, or opening every file and scanning its

contents briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, your affiant requests permission to use whatever data analysis techniques necessary and available to locate and retrieve the evidence described above.

## AUTHORIZATION REQUESTS

15.     Based on the above information, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a) (1) and 846, have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **TARGET DEVICE**, which was found during the search of the Toyota Rav-4 rental vehicle at the time of CUMMINGS' and **WATTERS'** arrest. Therefore, I respectfully request that this Court issue a search warrant for the **TARGET DEVICE**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

ROBIN MELODICK
Special Agent, DEA

Sworn and subscribed to before me this _8th_ day of December 2021.

SHON T. ERWIN
United States Magistrate Judge
Western District of Oklahoma

10

## <u>ATTACHMENT A</u>

The **TARGET DEVICE** is described as a black and silver LG Stylo 6 with cracked front screen and cracked backing, IMEI: 354660116897607, with serial number 012VTAX0664760. The **TARGET DEVICE** is currently in the custody of the Drug Enforcement Administration at 901 NE 122nd Street, Suite 210, Oklahoma City, Oklahoma 73114.



## ATTACHMENT B

All records on the **TARGET DEVICE** described in **Attachment A** that relate to violations of law, including 21 U.S.C. § 846 (Drug Conspiracy) and 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute Controlled Substances).  The items to be seized include:

a. Stored communications which are voice recordings/messages, text messages (SMS) and multimedia messages (MMS), emails and attachments, read or unread which relate to and provide evidence of criminal activity described in this affidavit;

b. Stored communications voice or text based located within downloadable messaging applications or social media applications;

c. All internet usage history that may reveal evidence of drug trafficking or bulk cash smuggling, such as package tracking, internet mail communications, electronic payment receipts, etc.;

d. Call logs/histories depicting incoming/outgoing numbers dialed to and from the **TARGET DEVICE** which relate to and provide evidence of the above described criminal activity and further described in this affidavit;

e. Internet World Wide Web (WWW) browser files including browser history, browser cache, browser favorites, auto-complete form history and stored passwords;

f. Contacts, address books and calendars, customer lists and related identifying information such as names, nicknames and/or monikers within the above described telephone device which relate to and provide evidence of the above described criminal activity and further described in this affidavit;

g. Photographs, audio/video recordings with their associated metadata relating to and which provide evidence of the above described criminal activity and further described in this affidavit;

h. Stored location information including global positioning system (GPS) data indicating coordinates, way points, tracks and locations in which the phone has traveled; and,

i. Data and user records/information, password(s) that would assist in identifying/confirming the owner(s)/user(s) of the above referenced property to be searched.